UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN LOUIS TURNER, JR., | ) | CASE NO. 1:21-cv-842 |
| | ) | |
| PLAINTIFF, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| EUGENE A. LUCCI., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

**Background**

*Pro se* Plaintiff John Louis Turner ("plaintiff"), an Ohio prisoner, has filed a civil complaint in this matter against Lake County Court of Common Pleas Judge Eugene A. Lucci. (Doc. No. 4.) Plaintiff alleges Judge Lucci violated his constitutional rights to due process and equal protection in his state criminal case by denying a request he made during the case to be appointed another attorney. (*Id*. at 5.)

Plaintiff originally filed his complaint along with a motion proceed *in forma pauperis* (Doc. No. 1) in the United States District Court for the Southern District of Ohio, and the action was subsequently transferred here. The complaint itself does not request any specific relief, but after the action was transferred, plaintiff filed a motion for "Rescission," stating that he is suing for eight and a half million dollars for "breach of equity." (Doc. No. 5.)[1]

---

[1] Although he does not specifically reference it in his complaint, plaintiff's action pertains to *State of Ohio v. John L. Turner, Jr*., Case No. CR-14-000533 (Lake County Court of Com. Pl.), over which Judge Lucci presided and resulted in plaintiff's current imprisonment. A jury found plaintiff guilty of seven counts of theft and one count of witness intimidation, and Judge Lucci sentenced him to a total of 102 months in prison. *See State v. Turner*, 2016 - Ohio- 4733, ¶ 9, 2016 WL 3574181, at *2 (Ohio App. 11 Dist. June 30, 2016).

**Standard of Review and Discussion**

Plaintiff's application to proceed *in forma pauperis* has been granted by separate order. Therefore, his complaint is now before the Court for initial screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Those statutes expressly require federal district courts to screen all *in forma pauperis* complaints filed in federal court and all complaints in which prisoners seek redress from governmental employees, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). *Pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), but even a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face to survive a dismissal. *See Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) applies to review of *pro se* prisoner cases under §§ 1915(e)(2)(B) and 1915A).

Upon review, the Court finds that plaintiff's complaint must be dismissed in accordance with §§ 1915(e)(2)(B) and 1915A.

First, it is well established that judges are entitled to absolute immunity from damage actions based on their judicial acts, even if they acted erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Absolute judicial immunity is overcome in only two sets of circumstances, if the judge's actions were "nonjudicial" in nature or were "taken in the complete absence of all jurisdiction." *Id*. at 11–12. Judge Lucci is entitled to absolute immunity from

plaintiff's suit. Plaintiff clearly challenges a decision made by the Judge in his judicial capacity, and plaintiff has not alleged facts plausibly suggesting that the Judge took any action falling outside of the scope of his absolute judicial immunity.

Second, plaintiff's action is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that a state prisoner has no cognizable civil rights damages claim under 42 U.S.C. § 1983 for an allegedly unconstitutional conviction or imprisonment, or for any "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless and until the prisoner shows that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Plaintiff's complaint against Judge Lucci on its face purports to call into question the validity of his state criminal conviction in the case over which the Judge presided, but there is no suggestion in the complaint that his conviction has been set aside or invalidated in any of the ways articulated in *Heck*.[2] Accordingly, pursuant to *Heck*, he has no cognizable damages claim.

Finally, to the extent plaintiff may also be seeking release from prison, his complaint fails to state a cognizable claim. The Supreme Court has clearly held that "[w]hen a state prison challenges the very fact or duration of his physical imprisonment and by way of relief seeks . . . immediate release or a speedier release, his his sole federal remedy is a writ of habeas corpus," which plaintiff has not properly sought here. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

**Conclusion**

---

[2] In fact, his conviction and sentence were affirmed on direct appeal, and a petition he filed in federal court for a writ

3

Based on the foregoing reasons, plaintiff's motion for "Rescission" (Doc. No. 5) is denied, and his complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: 8/16/2021

J. Philip Calabrese
U.S. District Judge

---

of habeas corpus under 28 U.S.C. § 2254 was denied. *See Turner*, 2016 -Ohio-4733, 2016 WL 3574181; *Turner v. Scott*, No. 1: 17 CV 1070, 2019 WL 1318129 (N.D. Ohio Mar. 22, 2019).